THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. FRANK KENNEDY, *by William Kennedy, his next Friend.*

No. 47.

1. RAILROAD COMPANY — *Speed of Train — Negligence per se.* When the ordinances of a city through which a railroad runs prohibit the running of trains at a greater speed than six miles an hour within the city limits, the running of a train at a greater speed than that allowable is negligence *per se;* but it is not such negligence as authorizes the recovery of damages for an injury inflicted by such train, unless it appear from the evidence that such unlawful speed was the proximate cause of the injury.

2. ———— *Crossing-Accident—Contributory Negligence.* Contributory negligence is not imputable, as a matter of law, to a child 10 years of age, who is injured while attempting to cross a railroad-track in front of an approaching train, at a public street crossing, from the mere fact that he was familiar with the crossing, knew that engines and trains were frequently passing, that it was dangerous to cross in front of a moving train, and failed to look for approaching trains before making the attempt. Questions relating to the care or negligence, in such case, are depend-

ent on the capacity and experience of the child and its ability to guard against danger, and must ordinarily be determined by the jury.

3. ——— *Permanent Injury—Damages.* Before damages can be awarded for permanent injury, it must be made to appear that such injury is reasonably certain, and not merely possible.

MEMORANDUM.— Error from Wyandotte court of common pleas ; T. P. ANDERSON, judge: Action by Frank Kennedy, an infant, by William Kennedy, his next friend, against The Chicago, Rock Island & Pacific Railway Company to recover damages for personal injury. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein was filed January 9, 1896.

The statement of the case, as made by GARVER, J., is as follows :

Action to recover damages for a personal injury alleged to have been sustained by the defendant in error, who was the plaintiff below, through the negligence of the plaintiff in error, at a street crossing in Kansas City, Kan. The plaintiff, Frank Kennedy, was a boy 10 years of age at the time of the accident. The jury returned a verdict, upon which judgment was rendered for $1,250, in favor of the plaintiff, and also made certain special findings of facts, among them being the following :

On request of the plaintiff—

"2. Was the plaintiff, just before and at the time of his injury, considering his age and experience, in the exercise of ordinary care ? Ans. Yes.

"3. Was the locomotive and train of defendant causing the injury to plaintiff, at the time and place of the injury to plaintiff, running at a rate of speed to exceed six miles an hour ? A. Yes."

" 6. Was the plaintiff's view obstructed by the cars upon the side-track at the time and place where he

was injured so that he was prevented from seeing the approach of said locomotive or train? A. Yes.

"7. Was there any signal or warning given by those in charge of the locomotive and train of its approach at the crossing where the plaintiff was injured? A. The jury cannot determine."

On request of defendant —

"1. How many railroad tracks, running parallel with each other, were then at the place where plaintiff was injured which crossed Third street? Ans. Five.

"2. On which of said tracks was the train that injured said plaintiff passing at the time of the accident? A. Second from the north."

"7. Was not the plaintiff familiar with the crossing at the time of the accident, and prior thereto? A. Yes.

"8. Did not the plaintiff know at the time of the accident, and prior to that time, that trains and engines were at all hours of the day passing backward and forth over the crossing? A. Yes.

"9. At and before the time of the accident, did not the plaintiff know that any railroad track was a place of danger? A. Yes.

"10. At the time of the accident, did not the plaintiff know that it was dangerous to attempt to cross the railroad in front of a moving train or engine? A. Yes.

"11. If the plaintiff, at the time he stepped from the north track going south, had looked to the west, how far could he have had an unobstructed view of a train approaching from the west on the track on which the accident occurred? A. Could have seen quite a distance if the train had not been approaching.

"12. Was the plaintiff running or was he walking at the time of the accident? A. Walking fast.

"13. Is it not a fact that the plaintiff, at the time of the accident, was attempting to cross the railroad in front of the engine that struck him? A. He was attempting to cross the track, but did not know the train was approaching.

"14. Did the plaintiff look for an approaching train before attempting to cross the track, at the time of the accident?    A. Just as he was going to look, the engine struck him.

"15. If he did look, did he see the approaching train before he attempted to cross the track where he was hurt?    A. Not until the train struck him.

"16. If he looked and did not see the approaching train, what prevented him from seeing it?    A. Cars on the side-track.

"17. If he did not look for the approaching train before attempting to cross the track, could he have seen it if he had looked after he had crossed the north track?    A. Could have seen it if not right onto him."

The railway company alleges error in the trial, and seeks a reversal of the judgment.

*M. A. Low*, and *W. F. Evans*, for plaintiff in error.

*S. C. Miller*, and *Sherry & Hughes*, for defendant in error.

The opinion of the court was delivered by

GARVER, J. : The only act of negligence, under the evidence and findings of the jury, attributable to the railway company is the running of the train which inflicted the injury at a rate of speed prohibited by the ordinances of the city in which the accident occurred.    The allegation that warning signals of the approaching train were not given falls to the ground in the face of the finding of the jury that they cannot determine whether or not such signals were given. As it devolved upon the plaintiff to prove that fact, if it existed, such a finding negatives its existence for the purposes of this case.    (*Morrow v. Comm'rs of Saline Co.*, 21 Kan. 484.)

At the time of the accident, the city ordinances prohibited the running of railroad trains in said city

at a greater speed than six miles an hour.   The train in question was being run at a greater speed than was allowable, but what the actual speed was the jury does not say.   It is not disputed that a city may, by ordinance, regulate the speed of trains within its limits.   It also seems to be a well-settled rule that a violation of such municipal regulation is negligence *per se*.   (*A. T. & S. F. Rld. Co. v. Morgan*, 31 Kan. 77 ; *Mo. Pac. Rly. Co. v. Pierce*, 33 id. 61 ; *Karle v. Railroad Co.*, 55 Mo. 476 ; *Baker v. Railway Co.*, 68 Mich. 90 ; *Railroad Co. v. Voelker*, 129 Ill. 540 ; *Correll v. Railroad Co.*, 38 Iowa, 120.)   Upon this feature of the case, the trial court instructed the jury as follows :

"9.  It is negligence on the part of a railroad company to run its trains through a city, incorporated town or village at a rate of speed prohibited by the ordinances of said city, and if a railroad company does so run its trains, and thereby causes injury to a person who is himself in exercise of reasonable care and caution to avoid injury, the company will be liable."

It is contended that this instruction was misleading and erroneous — that it virtually directed the jury to return a verdict against the defendant, if they found that train was running at a greater speed than six miles an hour at the time it struck the plaintiff.   In this particular instruction, the court selected a single fact from the evidence, and attempted to state to the jury how it might be made the basis of a right to recover damages.   There is always danger in such practice that other essential facts will be overlooked which should be taken into consideration.   The act thus conclusively condemned as negligent, and properly so, is of a presumptive or technical character.   In this case, the excessive speed of the train may in no manner have contributed to the injury, and, there-

fore, may have been an entirely immaterial circumstance in the determination of legal liability. Although thus negligent, the company would not be liable unless the proximate cause of the injury was the unlawful speed of the train. (*A. T. & S. F. Rld. Co. v. Morgan*, 31 Kan. 77 ; *Pennsylvania Co. v. Hensil*, 70 Ind. 569 ; *Railway Co. v. Loomis*, 13 Ill. 548 ; *Railway Co. v. Wellhoener*, 72 id. 60 ; *Railroad Co. v. Stebbing*, 62 Md. 504 ; *Stoneman v. Railroad Co.*, 58 Mo. 503.) The mere fact that the plaintiff was struck by the train which was running at the rate of 8, 10 or 12 miles an hour, and was thereby injured, would not prove that the unlawful increase of the speed of the train was the proximate cause of the injury. It does not necessarily follow that the same accident would not have happened had the speed of the train been within the lawful limit. The court applied this rule in the instruction concerning a failure to ring the bell of the engine, as required by the city ordinances. After giving upon that subject substantially the same instruction that was given as to the speed of the train, the court said :

" The neglect of ringing the bell of an engine while passing through a city, incorporated town, or village, in violation of its ordinances, is not of itself such negligence as will justify a recovery of damages to a person injured upon the track ; to entitle the plaintiff to recover for such injury; it must appear from the evidence that the injury was the result of such omission to ring the bell."

The court neglected to add a similar qualification with reference to the speed of the train, and thus, by contrast with the other instruction, emphasized the objectionable feature of the one of which complaint is made. In the absence of such qualification, we think it is open to the objection that its natural tendency

was to mislead the jury to think that the negligent
running of the train at an unlawful speed was, of
itself, sufficient to fix the liability of the company,
without any inquiry to determine whether such viola-
tion of the ordinances was the proximate cause of the
injury.

Counsel for plaintiff in error next urge, with much
force and earnestness, that the findings show such
contributory negligence on the part of the plaintiff as
precludes any recovery by him, even conceding that
the trainmen were also negligent.  If the plaintiff
had been a person of maturer years and judgment,
this contention of counsel would have to be sustained.
The plaintiff attempted, apparently, to cross the rail-
road-tracks without looking or listening with such
care as is required of a foot traveler under similar
circumstances; and, had he looked, he must have
seen the danger of any such attempt.   It is the duty
of a person about to cross a railroad-track to look and
listen for approaching trains; and where the failure
so to do contributes to an injury sustained from a
train of cars, such contributory negligence will defeat
a recovery of damages by the person injured.  (*U. P.
Rly. Co. v. Adams,* 33 Kan. 427 ; *Clark v. Mo. Pac. Rly.
Co.,* 35 id. 350 ;  *A. T. & S. F. Rld. Co. v. Priest,* 50 id.
16.)

The difficulty in this case arises from the fact that
the plaintiff was a boy only 10 years of age, and there-
fore, as claimed by his counsel, not subject to the se-
verity of the general rule as to contributory negligence.
Can it be held as a matter of law that the failure of a
boy of 10 years of age to exercise the care and prudence
demanded of an adult, before attempting to pass over
a railroad at a public crossing, is such culpable negli-
gence as will bar a recovery for an injury sustained by

the negligent running of a train of cars, even though he had sufficient intelligence and experience to know that more or less danger usually accompanied such an undertaking? Upon this question the authorities are not without conflict. Yet we think they are for the most part distinguishable or reconcilable, because of the facts peculiar to each case. The decided cases all agree in holding that the law does not require of a child the same degree of care that is required of a person of mature years — that a child is to be held responsible only for the exercise of such capacity and discretion as it possesses. It is also generally agreed, that whether contributory negligence is imputable to a child is in each case a question to be determined by the jury upon the particular facts and circumstances in evidence. From such facts and circumstances the jury can judge of the degree of its intelligence, its capacity to appreciate danger, and its ability to exercise proper judgment to avoid it. In this case the jury found that the plaintiff was familiar with the crossing, being accustomed to pass over it about four times every day; that he knew that engines and trains were at all hours of the day passing back and forth at that point; and that it was dangerous to attempt to cross the railroad in front of a moving train or engine. The jury also found that the plaintiff, at the time of his injury, considering his age and experience, was in the exercise of ordinary care. The findings which are most favorable to the plaintiff in error as to the knowledge of the boy are upon somewhat abstract or general propositions rather than upon facts immediately related to the time of the injury. The principal matter to be determined was not so much the plaintiff's knowledge of the dangers generally to be apprehended at a railway crossing as it was his capacity to exercise

proper care and judgment when placed without fault
on his part in a situation of danger to guard against it.
It is within the observation of every one that boys of this
age lack the experience and discretion of older persons,
and have impulses and propensities which frequently
lead them into dangerous situations, when they do
not think of subjecting themselves to any special risk
of danger. They may have knowledge of imminent
danger, and yet, through the natural thoughtlessness
and recklessness of youth, not have the watchful ward
against it which would be expected in one of more
mature years. The plaintiff was at a place where he
had a legal right to be—on a public street, on his way
to school; a train, passing on the third of five par-
allel tracks south of him, had obstructed his passage
for a time, and, as soon as it had passed, he started
on a fast walk to cross over, and was struck by a train
moving eastward on the second track he had to cross.
On the first track, on each side of the street, stood
freight cars, obstructing the view of the approaching
train, until after the first track had been crossed.
Between the different tracks was a distance of about
eight feet. It is evident that a person of mature years,
in the exercise of ordinary care under these circum-
stances, should have looked for an approaching train
before going upon the second track. But the degree
of care reasonably to be expected from this plain-
tiff, under the circumstances in which he was placed,
must be otherwise determined, and was properly
submitted to the jury as a mixed question of law
and fact. The conclusion at which we have arrived
in this matter, while not in harmony with the deci-
sions of some courts of high character, is, we think,
founded in the better reason, and is sustained by am-
ple authority. (*K. P. Rly. Co. v. Whipple*, 39 Kan.

531; *Kerr v. Forgue*, 54 Ill. 482; *Railroad Co. v. Becker*, 76 id. 25; *Benton v. Railway Co.*, 55 Iowa, 496; *Railway Co. v. Bohn*, 27 Mich. 503, 513; *Baker v. Railway Co.*, 68 id. 90; *Lovett v. Railroad Co.*, 9 Allen, 557; *Plumley v. Birge*, 124 Mass. 57; *Kunz v. City of Troy*, 104 N. Y. 344; *Railroad Co. v. Stout*, 17 Wall. 657.)

As the law furnishes no definite rules for the determination of liability in such cases, each case is necessarily largely dependent upon its own peculiar facts. Even when the facts are clearly established, but are of such a character that reasonable and equally impartial minds may differ in the conclusions and inferences to be made therefrom, the making of the conclusions and inferences in any case must, ordinarily, be left to the jury. (*K. P. Rly. Co. v. Richardson*, 25 Kan. 391; *Osage City v. Brown*, 27 id. 74.)

The case of *A. T. & S. F. Rld. Co. v. Todd*, 54 Kan. 551, to which counsel for plaintiff in error calls our attention, presented a case clearly distinguishable from this. There the child was a wilful trespasser, going upon the railroad tracks and under cars, knowing that he thereby was engaged in a wrongful and dangerous act, and the jury specially found that he had sufficient intelligence and experience to understand and appreciate the danger he was incurring in doing that which occasioned his injury. Upon such findings, the supreme court held as a matter of law that he was guilty of contributory negligence. The facts in this case are quite different from those found in the Todd case, and require the application of different principles.

Complaint is also made because of the instructions of the court as to the allowance of damages for permanent injuries. Before such damages can be given, the evidence must show that the permanency of the

injury is reasonably certain; there must be more than a mere possibility that such will be the result. (*Railway Co. v. Cosby*, 108 Ind. 32 (27 Am. & Eng. Rld. Cas. 339) ; *Fry v. Railway Co.*, 45 Iowa, 416 ; *White v. City Railway Co.*, 61 Wis. 536.) There was, we think, sufficient evidence upon which to submit this question to the jury; but the court should have further instructed as to the degree of proof required when such damages are claimed. The failure so to instruct would probably of itself not be reversible error, in view of the fact that no further instruction was requested on that subject.

Other instructions of the court may be open to criticism, but, as any error in them is unimportant, under the facts found by the jury, and is not liable to occur upon another trial, we shall not lengthen this opinion by any particular consideration of them.

Considering the instructions of the court as a whole, and construing them together, we are of the opinion that they were liable to mislead the jury upon the material issues, to the prejudice of the legal rights of the plaintiff in error.

The judgment will therefore be reversed, and the case remanded for a new trial.

All the Judges concurring.