THE MISSOURI PACIFIC RAILWAY COMPANY V.
MATILDA TRAHERN.
No. 14,860.   (91 Pac. 48.)

RAILROADS — *Injury at a Crossing* — *Contributory Negligence.*
Plaintiff's contributory negligence barred a recovery by her
for injuries received while attempting to cross defendant's
tracks in front of a moving train.

Error from Miami district court; WINFIELD H.
SHELDON, judge.   Opinion filed July 5, 1907.   Re-
versed.

*B. P. Waggener, Waggener, Orr & Challiss,* and *A.
Lane,* for plaintiff in error.

*Frank M. Sheridan,* for defendant in error.

*Per Curiam:*  Matilda Trahern was injured while at-
tempting, on a street in the city of Le Roy, to cross the
track of the plaintiff in error in front of a passenger-
train which was running through the city.   She settled
with the company and released it from further lia-
bility, but afterward commenced this suit in the dis-
trict court of Miami county, where she recovered a
judgment for $1937.27.   The company brings the case
here and asks that the judgment be reversed on account
of the contributory negligence of the plaintiff, as shown
by the special findings of fact found by the jury, and
that a judgment be directed in its favor for costs.   The
special findings, so far as they relate to the question of
contributory negligence, read:

"(41) Ques.  What time of day was it when plain-
tiff was injured?  Ans.  About four o'clock P. M.

"(42) Q.  Was it daylight when said accident oc-
curred?  A.  Yes.

"(43) Q.  From which direction did plaintiff ap-
proach defendant's track?  A.  From the west, and a
little north.

"(44) Q.  From the point where plaintiff was in-
jured, for what distance north was defendant's track
straight?  A.  About 3000 feet."

"(46) Q. From which direction was defendant's train approaching? A. From north.

"(47) Q. How far south of Fourth street crossing did the accident occur? A. About sixty feet.

"(48) Q. Just before attempting to cross said track, and when plaintiff was in a position of safety, did she look along said track, and in the direction from which said train was coming? A. Yes.

"(49) Q. Did she then discover said approaching train? A. Yes."

"(52) Q. At a distance of from five to ten feet west of said railroad track, how far north along said track could plaintiff see, if she had looked? A. About 3000 feet.

"(53) Q. When did plaintiff first discover the approach of said train? A. When she came out on walk.

"(54) Q. When plaintiff first discovered the approach of said train what did she do? A. Looked at the approaching train, and, thinking that she had ample time to cross the track without danger, started to cross."

"(60) Q. Just before the plaintiff started over said track did she know that said train was approaching from the north? A. Yes.

"(61) Q. For what length of time next preceding the date of injury to the plaintiff had she resided near to said railroad track? A. About two or three years."

"(64) Q. Do you find from the evidence that previous to the date of said accident plaintiff had knowledge that freight- and passenger-trains passed to and fro over said track daily, and many times each day? A. Yes."

"(66) Q. Do you find from the evidence that plaintiff, at the time of said accident, and just before she attempted to cross said track, was in possession of all her faculties of sight and hearing, and that they were in their normal condition? A. Yes.

"(67) Q. What was the distance between the west rail of said track and the west line of said street in front of plaintiff's house? A. About twenty-eight feet."

"(69) Q. At any point between the west line of said street and the west rail of said track, if the plaintiff had looked, could she have seen said approaching train from the north? A. Yes."

"(72) Q. Just before plaintiff reached the west rail

of said track, if she had listened, could she have heard said approaching train?   A. Yes."

"(74) Q. How many feet did plaintiff walk on said street after she left her own premises until she reached the west rail of said track?   A. About thirty or forty feet."

"(76) Q. Do you find from the evidence that plaintiff saw said approaching train, and, thinking that she had ample time to cross over the track before it reached her, made an effort to do so?   A. Yes.

"(77) Q. Just before plaintiff reached the west rail of said track, and when in a place of safety, how far was said approaching train from the point where she crossed the track?   A. At or north of Fourth street."

"(86) Q. Do you find from the evidence that just before plaintiff was struck by the engine she turned her back to said approaching train?   A. Partly.  Evidence shows she was going in a southeastern direction."

"(90) Q. How far would plaintiff have been required to step, to have been out of danger?   A. Two or three feet."

"(94) Q. When plaintiff stepped from a place of safety, and onto said track, how far was said engine from her?   A. About sixty feet."

These findings are made almost wholly from the testimony of the plaintiff.   They show that she was grossly negligent.   She was familiar with the operation of trains at that place; knew that their speed was not uniform; she saw the train coming, realized that it was dangerously near, and hurried to get across safely. She knowingly and unnecessarily took the chance and lost.   The negligence on the part of the company was not the cause of her injury.   The failure to sound bell or whistle did not deceive or mislead her.   The object of these alarms is to notify people of an approaching train.   She already possessed all the information which they could have given.   It is claimed that the train moved at a speed greater than is allowed by the city ordinance, but it does not appear that the plaintiff knew of such regulation or that she relied upon the prescribed speed.   On the contrary, it appears that she knew the speed of trains was not uniform; they some-

times moved slowly, and at times rapidly. She acted with a full understanding of the situation. People who thus defy danger must accept the consequences.

The judgment is reversed, with direction that judgment be entered for the plaintiff in error for costs.