No. 24,376.

AUSTIN LONG, *Appellee*, v. MISSOURI PACIFIC RAILROAD COMPANY, *Appellee*, JAMES C. DAVIS, as Director-general, etc., *Appellant*.

SYLLABUS BY THE COURT.

1. COLLISION—*Motor Truck and Railroad Train—Two Actions for Damages Pending—Defendant Not Prejudiced Thereby.* The plaintiff commenced an action to recover for personal injuries sustained in a collision between a motor truck which he was driving and a passenger train of the defendant, and later commenced another action against the defendant on the same cause of action, but did not dismiss the first action. In the latter action, the defendant pleaded in its answer that the first action was still pending. Judgment was rendered in favor of the plaintiff in the latter action. *Held*, that, under section 581 of the code of civil procedure, the judgment will not be reversed nor the action in which it was rendered be dismissed, because no substantial right of the defendant has been prejudiced by the trial of the action last commenced.

2. SAME—*Negligence—Contributory Negligence a Question of Fact for the Jury.* The court cannot say as a matter of law that one driving a motor truck across a railroad track is guilty of such contributory negligence as will bar his recovery where he stops from six to twelve feet from the track and looks each way for approaching trains, does not see any, and then starts slowly across the track, but is struck by a train, and is injured. Under such circumstances, contributory negligence is a question for determination by the jury.

3. SAME—*Purpose of Ordinances Regulating Speed of Railroad Trains Within a City.* An ordinance regulating the speed of railroad trains within a city is for the government of railroads in their conduct toward persons crossing the railroad tracks whether such persons are inhabitants of the city or not.

4. SAME—*Peremptory Instruction for Verdict—Properly Refused.* It was not error to refuse to give a peremptory instruction to the jury to return a verdict for the defendant.

5. SAME—*Instructions.* There was no reversible error in the instructions given to the jury nor in refusing to give requested instructions.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCH-INGS, judge. Opinion filed July 7, 1923. Affirmed.

*W. P. Waggener, O. P. May,* both of Atchison, and *T. M. Van Cleave,* of Kansas City, for the appellant.

*C. D. Sharp,* and *C. W. Trickett,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: James C. Davis, director-general, appeals from a judgment in favor of the plaintiff for damages sustained by the latter in a collision between a motor truck which he was driving and a passenger train on the Missouri Pacific Railroad in Kansas City, Kan. The railroad company's demurrer to the plaintiff's evidence was sustained, and there is no appeal therefrom by the plaintiff.

Special questions were answered by the jury as follows:

"Q. 1. Did the plaintiff, Austin Long, while in a position of safety, look to see whether any train was approaching upon the railroad track which he was about to cross? A. Yes.

"Q. 2. If you answer question No. 1 'Yes,' then state where the plaintiff was when he looked. A. About 12 feet east of the east rail.

"Q. 3. If you answer question No. 1 'Yes,' how far to the north could plaintiff have seen an approaching train from the place where he looked? A. About 450 feet.

"Q. 4. Did the plaintiff, while yet in a position of safety, and just before he attempted to cross the track of the defendant and after his view was unobstructed up and down said track for a considerable distance, or when the range of visibility was at the maximum, stop his automobile truck for the purpose of ascertaining whether it was safe to cross said track? A. No.

"Q. 5. State the distance a train could have been seen approaching the crossing from the direction in which the train did come on the day in question by a person looking for same when driving an auto truck when the driver would be six feet to the east of the east track of the railroad crossing? A. About 450 or 500 feet.

"Q. 6. State the distance a train could have been seen approaching the crossing from the direction in which the train did come on the day in question by a person looking for same when driving an auto truck when the

driver would be twelve feet to the east of the east track of the railroad crossing? A. About 450 feet.

"Q. 7. State the distance a train could have been seen approaching the crossing from the direction in which the train did come on the day in question by a person looking for same when driving an auto when the driver would be twenty feet to the east of the east track of the railroad crossing? A. About 400 feet.

"Q. 8. Where was the plaintiff with reference to the railroad track when he first saw the train? A. About 4 or 5 feet west of the west rail.

"Q. 9. How far north of Walker avenue was the approaching train when the plaintiff drove upon the railroad track? A. About 800 feet.

"Q. 10. If you find that the plaintiff is entitled to recover herein then state what act or acts of negligence the defendant, its servants, agents or employees are guilty of. A. Not having proper signals at railroad crossing in question and exceeding speed limit of city ordinances."

1. The first proposition argued by the director-general is that this action was abated by an action commenced by the plaintiff August 13, 1918, for the recovery of the damages sought to be recovered in this action. That action was pending at the time the present action was tried. This action was commenced on June 28, 1920. The plaintiff says that "there was no evidence presented to the trial court of the pendency of any prior suit." The abstract recites that—

"Plaintiff, through his attorney, admitted that another suit for this same accident, entitled *Austin Long, Plaintiff, vs. Missouri Pacific Railway Company, a corporation, and Walker D. Hines, Director-general of railroads,* No. 9785, was filed August 13, 1918, in the district court of Wyandotte county, Kansas, and was pending at the time this suit was tried but giving as a reason that the former suit was filed against the Missouri Pacific Railway Company, and they came in and answered that they changed the name to the Missouri Pacific Railroad Company, whereby this suit was filed."

The pendency of the prior action was pleaded in the answer; a general denial was filed thereto; and the statement quoted was made in open court. That statement was sufficient evidence to establish the allegations of the answer. James C. Davis, director-general and agent for the United States under the Transportation Act, is the successor in office to Walker D. Hines, director-general, one of the defendants named in the former action. There is nothing to show that the former action was further prosecuted after the latter action was commenced. The issues could be submitted to the jury in one action as well as in the other. It does not appear wherein any substantial right of either party was affected by the fact that two actions were pending at the time this action was tried.

By section 581 of the code of civil procedure, this court is commanded to "disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court."

There was a misnomer of one of the defendants in the former action. The misnomer was pleaded apparently by both defendants. This action was then commenced, and the former action seems to have been abandoned by the plaintiff. The judgment in this action can be pleaded as a bar to the further prosecution of the one previously commenced. There can be but one judgment. When the misnomer was pleaded, the plaintiff could have amended his petition, but he did not choose to pursue that method. When he commenced the latter action, he should have dismissed the first one, but he did not do so. The case has been submitted to a jury, a verdict has been returned, and judgment has been rendered on it. No good purpose will be served by reversing that judgment and directing the trial court to dismiss this action and compel the parties to try the action first commenced, or dismiss it and commence another one. Simplicity of procedure requires that the issues between the plaintiff and the director-general should be determined in the action that has been tried and that the former action should not be permitted to remain on the docket of the district court of Wyandotte county. It may be, and probably is, true that the trial court should have sustained the plea in abatement, but that court did not do so. Substantial justice will be served if the appeal in this case is heard in this court on its merits and the plaintiff is compelled to dismiss the first action commenced by him and to pay all the costs in that action.

2. Appellant James C. Davis filed a demurrer to the evidence of the plaintiff, and that demurrer was overruled. It is contended that the demurrer should have been sustained. The evidence showed that the plaintiff was driving a motor truck; that he was approaching the Missouri Pacific railroad track; that he found another man operating another motor truck stuck in the mud near the railroad track; that the plaintiff attempted to pull the other truck out of the mud; that in doing so, the plaintiff attached his truck by a chain to the one stuck in the mud and drove his engine to somewhere about six feet from the railroad track; that he then

stopped and looked both ways for a train and could see none; that he started slowly across the railroad track; that, after he had crossed the track with the front end of the truck but while the rear part of it was still on the track, the truck was struck by a railroad train and the plaintiff was injured; that there was no warning of the approaching train; that it came at a speed of approximately thirty miles an hour; and that the plaintiff did not look again for approaching trains after he started to cross the track. It is contended that because the plaintiff did not look for trains continually from the time he first looked until he reached a place of safety, he was guilty of contributory negligence. Authorities are cited to sustain that contention. Those authorities go farther than any declaration that has been made by this court. Ordinarily, contributory negligence is a question for the jury. Here, the plaintiff exercised diligence to about six feet of the railroad track according to the evidence, or twelve feet according to the findings of the jury. The plaintiff may have been negligent in not looking both ways while he was crossing the track, but this court cannot say as a matter of law that he was guilty of such negligence. It was a question for the jury. The demurrer to the evidence was properly overruled.

3. Sections 63 and 64 of ordinance No. 4720 of Kansas City, Kan., required that—

"It shall be the duty of the engineer or other person engaged in the running of a locomotive to ring the bell attached to the locomotive whenever engaged in moving through the city." (§ 63.)

"It shall be unlawful for any engineer, conductor, or other person having a railway engine or train of cars in charge to permit the same to be run along any track in said city at a greater speed than 6 miles an hour." (§ 64.)

The plaintiff lived in Kansas City, Mo. The quoted sections of the ordinance were introduced in evidence over the objection of the appellant. It is contended that, because the plaintiff lived in Kansas City, Mo., the ordinance could not apply to him and that he cannot rely on it to establish negligence on the part of the defendant. Authorities are cited to support that contention, but we are not impressed with the reasoning of those authorities. The ordinance was passed for the government of the defendant in its relations to the public, whether that public consisted of residents of Kansas, Missouri, or any other state. Inhabitants of a city are presumed to know the ordinances of that city; but this presumption

arises where any person is affected by the ordinances, whether an inhabitant of the city or not. A nonresident cannot plead ignorance of an ordinance any more than a resident of a city can. One who chances to be in the city is protected by its ordinances in the same way as an inhabitant of that city. *Woodard v. Bush,* 282 Mo. 163, is cited by the defendant. That case was decided by the supreme. court of Missouri in April, 1920, and was very similar to the present one. We quote from the opinion as follows:

"But it is urged that deceased had a right to rely upon the defendant running its train at the rate of six miles an hour, and but for the speed he would not have been killed. There are two answers to this suggestion. First, had he looked, he could have seen the speed of the train just as his nonexpert witnesses saw such speed. These witnesses saw and could estimate the speed, and that they saw the deceased could have seen had he looked. If as a fact deceased stopped or checked up his truck, it might have been for some other reason than that of looking for a train. No witness saw him look either to the west or the east. It is, however, sufficient to say that had he looked he could have seen the train and its speed.

"The plaintiff in this case cannot rely upon the presumption that deceased knew the ordinance rate of speed. He was a resident of Missouri, and was not presumed to know Kansas law or Kansas ordinances. There is no proof that deceased knew of this Kansas ordinance fixing the rate of speed at six miles per hour, and there is no presumption that a Missourian knows the ordinances and laws of a sister state. *Bolinger v. Beacham,* 81 Kan. l. c. 751, 106 Pac. 1094.

"There is a presumption that an inhabitant of a city knows its ordinances, but the presumption does not go further. We have so ruled in *Inhabitants of Palmyra v. Morton,* 25 Mo. l. c. 597, and *Boonville, ex rel., v. Stephens,* 238 Mo. l. c. 357, 141 S. W. 1111; but the rule goes no further. On this question our rule accords with that of Kansas. So that in this case there is no presumption that deceased knew the ordinance rate of speed, and there is no proof that he knew it. Not knowing the ordinance rate of speed, he could not rely upon it in the movement of his truck toward the main track of defendant's railroad. This is more by way of passing, because if deceased looked, he could have seen just what his witnesses saw, and it was his duty to stop, look, and listen under the facts of this case, after he had passed all obstructions. Had he done so, the physical and other facts show he would have seen and heard the onrushing train." (p. 179.)

We cannot agree with the conclusion that a citizen of Missouri while in a city of Kansas is not presumed to know the ordinances of that city. The defendant cites *Railway Co. v. Trahern,* 77 Kan. 803, 805, 91 Pac. 48, where this court said:

"It is claimed that the train moved at a speed greater than is allowed by the city ordinance, but it does not appear that the plaintiff knew of such

regulation or that she relied upon the prescribed speed. On the contrary, it appears that she knew the speed of trains was not uniform; they sometimes moved slowly, and at times rapidly. She acted with a full understanding of the situation. People who thus defy danger must accept the consequences." (p. 805.)

To show negligence on the part of a railroad, it is not necessary that the plaintiff's knowledge of an ordinance governing the speed of trains in a city be established where he is injured in a collision with a train running at a speed in excess of that permitted by the ordinance.

4. Complaint is made of the refusal of the court to give a peremptory instruction to the jury to return a verdict in favor of the defendant. This depends upon the argument that there was no evidence sufficient to warrant submitting the case to the jury. That question has been disposed of.

5. The last matter presented is that there was error in giving certain instructions and in refusing to give others. This matter has been examined, and there does not appear to be any substantial error in the instructions given, or in refusing to give requested instructions.

The judgment is affirmed, upon the condition, however, that the plaintiff at his cost dismiss the action commenced by him on August 13, 1918.