H. K. HANNAH v. E. AARON BUTTS, Appellant.—51 S. W. (2d) 4.

Division One, June 13, 1932.*

▮

▮

▮

---

*NOTE: Opinion filed at October Term, 1931, April 2, 1932; Motion for rehearing filed; motion overruled at April Term, May 27, 1932; motion to modify and transfer to court en banc overruled June 13, 1932.

*James S. Simrall* and *Lyons & Ristine* for appellant.

*Burrus & Burrus* and *Mosman, Rogers & Buzard* for respondent.

RAGLAND, J.—This is an action for personal injuries and property damage resulting from a collision on a highway between a farm wagon which plaintiff owned and in which he was riding and an automobile driven by defendant. A trial of the cause in the circuit court resulted in a judgment in favor of plaintiff and against defendant for $9,000. The cause comes here on defendant's appeal. As the only questions raised relate to the pleadings and plaintiff's alleged improper references to an insurance company at the beginning of the trial and thereafter during its continuance, only so much of the record as is necessary to an understanding of those questions will be set out or referred to. The curious will find a very full and complete statement of the evidentiary facts in the opinion of the Kansas City Court of Appeals given on a former appeal. [Hannah v. Butts, 222 Mo. App. 1098, 14 S. W. (2d) 31.]

The petition contained no unusual feature, and it is in no wise in question. It set forth a cause of action bottomed on negligence, alleged that defendant was negligent in doing and omitting to do certain specific things and that such negligence proximately caused the damages for which it prayed a recovery.

The answer, among other things, pleaded in bar a full release of the cause of action as follows:

"Defendant for further answer states that on account of the accident and injuries alleged in plaintiff's petition, the plaintiff presented a claim for damages against the defendant, and that thereafter, on the 4th day of December, 1926, the said claim was compromised, settled and fully satisfied by the plaintiff with the defendant, E. Aaron Butts, whereby in consideration of the payment to the plaintiff of the sum of one hundred sixty-five ($165) dollars, the plaintiff released and forever discharged the defendant, E. Aaron Butts and all others from all claims, demands, on account of said accident; that as evidence of said compromise and settlement the plaintiff executed a release on said 4th day of December, 1926, a copy of which release is hereto attached and marked 'Exhibit A' and made a part hereof; that said release is a full and complete bar to the prosecution of this action."

The paper, "Exhibit A," referred to in the pleading and attached thereto, purported to have been signed by both H. K. Hannah and E. L. Hannah, his name appearing first.

The reply was as follows:

"Now comes the plaintiff and replying to the answer of the defendant herein, denies each and every allegation in said answer made

or contained, and the plaintiff specifically denies that he executed the pretended release or settlement alleged in the said answer.

"Plaintiff states that the facts regarding the alleged payment of the money referred to in defendant's answer are, that on the second day after plaintiff received the injuries as alleged in the petition, and at a time while plaintiff was totally paralyzed and unconscious, one J. Leo Morgan, a claim agent or adjuster for an indemnity insurance company, the exact name of which is unknown to the plaintiff but is well known to the defendant, came to plaintiff's home and tendered to plaintiff's wife, E. L. Hannah, one hundred sixty-five ($165) dollars, the sum mentioned in defendant's answer, as a part payment of the account due to plaintiff for his said injuries, from the defendant and then falsely and fraudulently represented and stated to plaintiff's wife that he desired to have her sign a receipt for the said sum and falsely and fraudulently represented to her that his company would pay any additional sum that would be necessary to compensate plaintiff for his said injuries, and falsely stated to her that said payment did not constitute a full settlement of plaintiff's claim against the defendant.

"Plaintiff states that at all of the times mentioned the said J. Leo Morgan was acting as the agent of the defendant and was so acting within the due course of his authority as such agent of the defendant and the said insurance company.

"Plaintiff states that his said wife had no authority from him to execute a settlement and release of his claim against the defendant, and plaintiff further states that within a short time after the defendant obtained said pretended release (the exact date plaintiff is unable to state), and as soon as the plaintiff had recovered his consciousness and had been advised about the payment of said money and that defendant and said insurance company claimed that plaintiff's claim had been settled and released, plaintiff through his attorney, Rufus Burrus, tendered to the said J. Leo Morgan, agent for the defendant and agent for said insurance company, he being the person who paid said money, the return of said sum of money which said J. Leo Morgan refused to accept, and plaintiff states that he (plaintiff) repudiated said pretended settlement and has ever since said time and now offers to return said sum of money to the person who paid same.

"Plaintiff states that the statements and representations so made as aforesaid by the said J. Leo Morgan to plaintiff's wife were false and fraudulent and were so known to him to be false and fraudulent and were made for the purpose of inducing her to sign said pretended release.

"Wherefore, plaintiff prays judgment against the defendant as prayed for in his petition."

After the jury was empaneled and immediately following the opening statement of counsel, defendant filed a motion for judgment on the pleadings. This the court overruled.

On the *voir dire* plaintiff's counsel stated to the panel of jurors, "Now, gentlemen, it will appear in evidence that an insurance company—." At that point defendant's counsel objected to the statement and asked that the jury be discharged. The court remarked: "I think it would be better to find out, out of the presence of the jury, whether there is any insurance company." Thereupon a colloquy was had between court and counsel, out of the hearing of the jury, in which, among others, the following was said:

By plaintiff's counsel, addressing defendant's counsel: 'I'll ask you if there isn't a policy issued by the Western Automobile Indemnity Company, indemnifying Mr. Butts, and if you don't represent that company?"

By Defendant's Counsel: "I have never seen the insurance policy issued to this defendant . . . There is a policy in some insurance company. I don't know what company it is in."

By the Court: "This case has been tried once?"

By Defendant's Counsel: "Yes, sir; and I still don't know what company the insurance policy is in."

By the court, addressing plaintiff's counsel: "You may ask them if they are stockholders in any insurance company, if he doesn't state."

The panel was questioned accordingly.

Plaintiff's counsel in his opening statement to the jury, in entering into his version apparently of what took place leading up to the execution of the release, said: "But Butts and this man Morgan stayed there and after they had dinner, then Morgan announced that he was the claim agent for Mr. Butts' insurance company and came down there—" He was interrupted at this point by defendant's counsel who objected that this was not proper matter to be referred to in the opening statement. The court overruled the objection and plaintiff's counsel proceeded as follows:

"For the first time, after they had been there some two or three hours and had seen the doctor treating the man, Morgan announced to Mrs. Hannah that he was the claim agent for the insurance company that had Butts' insurance, and had come down and wanted to see about fixing the thing up. The evidence will show, gentlemen, that at that very time, Mr. Hannah was so paralyzed that he couldn't even move his head, and that he didn't know what was going on, etc."

Defendant's counsel again objected on the ground that, while the matters referred to by plaintiff's counsel might become competent evidence in rebuttal, they were not part of his case and had no place in an opening statement. The court said: "Unless counsel expects

to put that evidence in, in his case, not in rebuttal, it should not be." Plaintiff's counsel replied: "I'm going to put it in my evidence on account of the answer." The court overruled defendant's objection and plaintiff's counsel proceeded with his statement of what the evidence would be touching the execution of the release, but did not again refer to the insurance company.

Mrs. Hannah, plaintiff's first witness, had testified on direct examination that her husband, on Saturday morning (the morning of the day on which the release was executed) was in a stupor, only partly conscious. Touching that matter defendant's counsel on cross-examination asked her this question: "After dinner, Mr. Hannah and Mr. Butts and Mr. Morgan talked a good while, didn't they?" She answered, "Mr. Morgan did the talking." His next question was: "Well, Mr. Hannah did some talking?" To this she replied: "Yes, some." Neither the witness nor her interrogator referred to the subject-matter of the conversation. But as soon as the witness was turned over to plaintiff's counsel for re-direct examination, the following occurred:

"Q. Mr. Ristine has asked you about conversation there between the defendant and Mr. Morgan. What did Mr. Morgan say about what he was doing there, in the presence of Mr. Butts? A. Said he was claim agent for insurance company—

"By COL. RISTINE: Just a minute, we make the same objection as heretofore made.

"By THE COURT: There was no examination by the defendant as to any conversation.

"By MR. ROGERS: He asked if there was any conversation and Mr. Hannah joined in it.

"By THE COURT: Yes, but there was no examination as to what was said, as to any conversation.

"By MR. ROGERS: No, he didn't ask her that, what the substance was.

"By THE COURT: No, sir, nothing at all about it. He just asked her about Mr. Hannah's part of the conversation."

Defendant offered no evidence. On this appeal he assigns two errors: The action of the trial court in overruling the motion for judgment on the pleadings, and the improper conduct of plaintiff's counsel in his alleged efforts to make it appear to the jury that an insurance company was the actual defendant in the case.

■ I. Defendant's answer was founded upon a release, an "instrument in writing charged to have been executed by the other party;" it was necessary, therefore, that he file it with his answer, which he did. [Sec. 815, R. S. 1929.] The execution of the writing thereafter "stood confessed," because its execution was not denied by

replication "verified by affidavit." [Sec. 965, R. S. 1929; Hahs v. Railroad, 147 Mo. App. 262, 126 S. W. 524.] The unverified denial in the reply that plaintiff "executed the pretended release, or settlement alleged in said answer," is, in the face of the statute, no denial at all. The execution, that is, the manual signing and delivery, stands confessed. The execution of the release being admitted what is there in the reply that would justify its avoidance? The allegation that at the time plaintiff was "totally paralyzed and unconscious" goes merely to the execution. The allegation that plaintiff's wife had no authority to execute a release for him appears to be wholly irrelevant. It is nowhere alleged that she, assuming to act as his agent, executed the release for him. The paper purports to have been signed by each of them. The further allegations with reference to false representations made to plaintiff's wife to induce her "to sign a receipt" for $165 are likewise irrelevant. But if the making of the alleged false representations to his wife be regarded as germane to the contention that the release was fraudulently obtained from plaintiff, it is wholly ineffective for that purpose. The making of the representations alleged, nothing further appearing, was not fraudulent. Merely telling one that a formal release which you desire him to execute is just a receipt is not calculated to deceive him. The presumption is that he can, and will, read the instrument for himself. [Hannah v. Butts, supra, 1. c. 1109.]

Defendant's motion for judgment on the pleadings should have been sustained.

Respondent seeks to justify the action of the trial court in overruling the motion for judgment on the pleadings on the ground that the motion was oral and assigns no reason in support of it.

The trial was commenced on December 11, 1929. The abstract of the record shows that on that day a written motion for judgment on the pleadings was filed in the cause. The motion itself recites:

"Now at this day, after the jury is sworn and after opening statements of counsel, comes the foregoing defendant and asks the court for judgment on the pleadings for the following reasons: . . ."

The record also shows that at the conclusion of the opening statements to the jury the following occurred:

"By Colonel Ristine (out of the hearing of the jury): If the Court please, I want to file a motion for judgment on the pleadings. It is the same motion that was filed heretofore."

"By the Court: The motion for judgment on the pleadings is overruled."

As the record shows the filing of but one motion for judgment on the pleadings, the language, "the same motion that was filed heretofore," could only mean that the written motion above referred to had previously been filed. The trial court's prompt ruling indicated

that it was fully advised as to both the filing and the nature of the motion. On the record before us respondent's contention is untenable.

While the motion did not specifically point out that the reply was not verified, it did allege in effect that plaintiff's signature to the release was not denied and that the facts pleaded were not sufficient in law to warrant the setting aside of the "compromise and settlement." This we think was sufficient.

Respondent makes the further contention that appellant's assignment of error under this head was abandoned by him in his brief. The assignments were in the form of "points and authorities." Under the point numbered III we find the following:

"The court erred in refusing to sustain the defendant's motion for judgment on the pleadings. [Hannah v. Butts, 222 Mo. App. 1098, 14 S. W. (2d) 31; Sec. 965, R. S. 1929.]"

The failure to follow up with a written argument does not indicate abandonment. The point was covered vigorously by both parties in the oral argument.

II. It seems to be the impression of the bar that the fact that the liability of a defendant in a tort action is covered by insurance will, in the minds of the average jury, not only justify a verdict for plaintiff but a very generous assessment of damages as well. The verdicts in many cases warrant that view. With this in mind plaintiff's counsel in actions such as this, and we speak generally, cannot resist the temptation of bringing into the view of the jury an insurance company, a corporate entity that is able to discharge, and whose business it is to discharge, any liability that they may assess for defendant's wrongdoing. In some instances the disclosure of the relation of such a company to the parties or to the trial is not only proper but necessary to the due administration of justice. In the majority of cases, however, such revelation is made, or attempted to be made, for purposes that may be justly termed sinister. No hard and fast rule can be laid down. Much must be left to the sound discretion of the trial court.

Under the ruling of the trial court, plaintiff's counsel asked the jury on *voir dire* whether any of them were stockholders in any automobile indemnity insurance company. The court's ruling was fully justified under the decisions of this and the other appellate courts of the State, though it was but a remote possibility that any of a Clay County jury of farmers had a stockholding or other financial interest in an insurance company that operated in Oklahoma, the state where the defendant Butts lived. After the *voir dire* was concluded the jurors must have sensed that an insurance company was a party in interest. After the opening statement, if they took plaintiff's counsel seriously, they could have had no doubt but that an

insurance company was the real culprit to be mulcted in damages for the wrongs that his client had suffered. In the colloquy had when the jury was being empaneled, defendant's counsel made it plain that he was not representing an insurance company and that such a company was in no way participating in the defense, and his good faith in that respect is not impugned by a thing disclosed by the record. There was no occasion for reading the pleadings to the jury in this case, just as there is none in any case. There was, therefore, not the slightest excuse or justification for mentioning insurance or an insurance company in the presence or hearing of the jury after it was empaneled, unless and until Morgan was put on the witness stand by the defendant. And that was never done. That the persistent attack on an invisible insurance company was highly prejudicial to defendant cannot be doubted. [Grindstaff v. Steel Company, 328 Mo. 72, 40 S. W. (2d) 702, 706.]

For the errors noted the judgment of the circuit court is reversed and the cause remanded. *Atwood, J.*, concurs; *Frank, J.*, and *Gantt, P. J.*, concur in the result.