ROSALIE BAUER, RESPONDENT, v. JAMES L. WOOD, APPELLANT.—154 S. W. (2d) 356.

St. Louis Court of Appeals. Opinion filed October 7, 1941.

George Gantner, James L. Anding and James Booth for appellant.

*Theodore P. Hukriede* for plaintiff.

No Brief.

HUGHES, P. J.—This is an action for. damages for personal injuries sustained in an automobile collision. Tried before a jury the verdict was for the defendant. A motion by plaintiff for a new trial was sustained because of an alleged error in one of defendant's instructions, and defendant has appealed from the order granting plaintiff a new trial.

In her petition plaintiff alleged primary negligence of defendant's failure to have his automobile under control, failure to swerve, slow down, check the speed or stop, failure to keep a lookout and failure to warn, and also alleged negligence under the humanitarian rule.

In stating the facts we will refer to the automobile in which plaintiff was riding as the Bauer car and defendant's automobile as the Wood car.

The occupants of the Bauer car were as follows: Loren G. Bauer, plaintiff's husband, was driving the car, and Roscoe Moore, plaintiff's father and the owner of the car, was on the front seat beside the driver, plaintiff was on the rear seat back of her father and by her side was her little daughter. The occupants of the Wood car were as follows: James L. Wood, defendant and owner of the car, was driving, Mrs. Wood was on the front seat beside her husband, Emmert Klepper was on the rear seat back of Mrs. Wood, and Miss Esther Peters was on the rear seat back of the driver.

The Bauer car was traveling west along Highway 66, a concrete highway which has four travel lanes each nine feet wide, in St. Louis County, and on the right hand or north lane of the highway. Mr. Bauer discovered that the gasoline in the car was low and decided to stop and get gasoline, and seeing a filling station up the road and on the south side of the road,. he pulled over into the inside lane next to the center of the highway, and reduced the speed of the car and put the car in second gear, intending to cross the two south lanes of the highway in order to get to the filling station. He saw two cars approaching from the west, and after the first of these cars passed him he thought he had time to go across ahead of the other car, which was the Wood car. He started across the two south lanes, which are for the use of eastbound travel, at an angle of 45 degrees towards the filling station, and when he had reached a point where the front wheels of the car were on the shoulder south of

the south lane and the remainder of the car was on the south lane, the car was struck by the Wood car at about the rear wheel of the car. Occupants of both cars were injured. The view was unobstructed. Mr. Bauer' testified that when he turned the car to drive at an angle of 45 degrees across the two south lanes he was driving at a rate of ten miles an hour, and he could have.stopped instantly, but thought he could get across, and that the Wood car was 150 to 200 yards to the west at that time.

Plaintiff's witness Clinton Kidd testified that he was at the filling station; that he did not see the cars until he heard the brakes applied to the Wood car, and at that time it was within forty-five or fifty feet of the Bauer car, and was traveling at the rate of forty or forty-five or fifty miles an hour.

Plaintiff's witness George Nelson testified that he was driving an automobile east on Highway 66, and that the Wood car passed him about 300 yards west of the place of the collision, and at that time the Wood car was traveling at a rate close to sixty miles an hour.

Roscoe Moore, plaintiff's father, testified that when the Bauer car started across the two south lanes of the highway the Wood car was 200 or 250 yards to the west. That the Bauer car was a chevrolet and was about twelve feet long.

Defendant's evidence was to the effect that the Wood car was traveling east on the south lane of the highway at a rate of forty or forty-five miles an hour, and that the Bauer car turned directly in front of the Wood car within a distance, varying with the different witnesses, of from thirty to seventy-five feet of the Wood car, and that Mr. Wood immediately applied the brakes and tried to swerve his automobile but could not stop or avoid the collision.

At the close of all of the evidence plaintiff abandoned all charges of antecedent negligence and elected to submit her case solely on the charge of negligence under the humanitarian rule.

Defendant's (appellant's) contention is that there was no error in his instructions which would warrant the court in sustaining plaintiff's motion for a new trial, but that regardless of whether there was error in the instructions, plaintiff did not present a submissible case under the humanitarian rule, and defendant's demurrer at the close of the evidence should have been sustained. We are not favored with brief or argument on respondent's part.

We can see no escape from the conclusion that plaintiff failed to present a submissible case under the humanitarian rule. The mere fact of the Wood automobile colliding with the Bauer automobile is not of itself any proof whatever of omission of duty on defendant's part to prevent the collision after discovering plaintiff in a position of peril. The question of whether or not defendant was negligent does not depend upon a consideration after the accident has occurred of what might have been done to avoid the accident, but it depends upon what, under the then present circumstances before the accident, could

reasonably have been anticipated by the defendant and provided against. [Mann v. Pulliam, 344 Mo. 543, 127 S. W. (2d) 426.] It was incumbent upon plaintiff to place before the jury facts from which the jury could reasonably and intelligently conclude that defendant was negligent in failing or omitting to act at a time when he could have acted to avoid the collision. It is an elementary principle of the law of torts that there can be no actionable negligence in the absence of the existence of some duty on the defendant's part owing to the plaintiff which duty has been neglected or violated by the defendant, and with the resulting injury suffered by the plaintiff directly attributable thereto and flowing therefrom. [Vairo v. Vairo, 99 S. W. (2d) 113.] The rule applicable to a demurrer to plaintiff's evidence does not relieve the plaintiff of the necessity of producing substantial testimony to prove the issues, and a case should not be submitted to the jury under the humanitarian doctrine upon mere suspicion, guesswork or conjecture. [Swain v. Anders, 140 S. W. (2d) 730, and cases therein cited.] Of course, in ruling on the question of whether defendant's demurrer should have been sustained, ordinarily we must take plaintiff's evidence as true and reject defendant's evidence. But this does not mean that the court is bound to accept without any evidence plaintiff's version of how an automobile collision occurred, or permit a jury to speculate on how it occurred, when the only evidence presented by plaintiff is not only beyond all reason but is in fact physically impossible. The rule is that plaintiff's evidence is to be taken as true, whether contradicted or not, but such rule only exists where plaintiff's evidence is not impossible as opposed to the physics of the case and not entirely beyond reason. [Zimmerman v. Salter, 141 S. W. (2d) 137; Pate v. Big Bend Quarry Co., 138 S. W. (2d) 709; Harper v. St. Louis Merchants Bridge Terminal Co., 187 Mo. 575, 586; Hardin v. Ill. Cent. R. Co., 334 Mo. 1169, 70 S. W. (2d) 1075.] And when well-established physical facts and common observations and experience are in conflict with the testimony of a witness, his testimony in this respect does not constitute evidence and must be disregarded. [Freed v. Mason, 137 S. W. (2d) 673, and cases therein cited.]

The evidence here as plaintiff tenders it is that the Bauer car proceeded at a rate of ten miles an hour at an angle of 45 degrees across eighteen feet of concrete highway in front of an oncoming automobile traveling sixty miles an hour which was at least 450 feet away. This is the most extreme view of the evidence in plaintiff's favor. By definite mathematical calculation it may be demonstrated that at a 45 degree angle across a space eighteen feet wide the Bauer car would travel 25.46 feet, and by adding the length of the car, twelve feet, it would only have to travel 37.46 feet to be entirely clear of the highway. Traveling at ten miles an hour the Bauer car would advance 14⅔ feet in a second, and in 2.55 seconds would be clear across the highway. Whereas the Wood car traveling at sixty miles

an hour, which is eighty-eight feet per second, would take 5.12 seconds to travel 450 feet to the place of collision. It is thus demonstrated beyond question that it was an utter physical impossibility for the collision to have occurred as plaintiff claims it did. Neither the court nor the jury can enter into the realm of speculation and say that although plaintiff's evidence presents an impossible situation, we will alter and change and co-ordinate the time and distance elements as shown by plaintiff's evidence in order to make them reconcile with a physical possibility favorable to plaintiff's case. In other words it will not do to hazard a guess as to how and why the collision occurred and the rate of speed at which each car was traveling and the distance each had to travel, in order to reconcile the claim of plaintiff with the required elements of the humanitarian rule. Plausible facts must be proved by plaintiff to bring the case within that rule. The evidence, as detailed above, fails to show a causal connection between the act of negligence relied upon, failure to slacken the speed of or swerve the automobile, and the collision; it wholly fails to show a proximate cause of the accident. The proximate cause of the accident is left entirely to surmise and conjecture, unsupported by any evidence, which should not be done in any case. [Bibb v. Grady, 231 S. W. 102.]

The cars did come together, and defendant's evidence explains the occurrence in a plausible manner, which no doubt accounts for the jury's verdict. But when plaintiff's evidence alone is taken into account it presents an impossible situation which wholly fails to make out a submissible case under the humanitarian rule, and defendant's demurrer to the evidence should have been sustained.

An accident of the character here in issue occurs quickly and witnesses cannot be held to exactitude in dealing with split seconds in the element of time or in estimating distances. But where the elements of time and distance are such as to preclude the car charged with being negligently operated from being closer than something over 200 feet of the collision when it occurred, the discrepancy is too great to be reconciled. A judgment must be based on something more substantial than mere guess or speculation. The defendant did not owe plaintiff any duty to slacken the speed of or swerve his automobile until the Bauer car was actually in or entering a position of imminent peril. [McGowan v. Wells, 324 Mo. 652, 24 S. W. (2d) 633.] In this case there is a total lack of evidence to show when such "imminent peril" began. As stated above, it did not begin as plaintiff's evidence would assume, and for the jury to fix the time and place where and when it did begin, would be simply conjecture and guesswork.

The order of the trial court sustaining plaintiff's motion for a new trial is reversed and the cause remanded with directions to reinstate the verdict and enter judgment for defendant. *McCullen* and *Anderson, JJ.*, concur.