ROSE FRITSCHE v. F. J. MONDT and ARTHUR MONDT (or ANTHONY MONDT), Appellants.—No. 38272.—171 S. W. (2d) 600.

Division Two, March 25, 1943.

Rehearing Denied, June 7, 1943.

*Fordyce, White, Mayne, Williams & Hartman* for appellants.

*Louis E. Miller* and *Leo F. Laughren* for respondent.

WESTHUES, C.—Respondent Fritsche seeks in this action to recover $15,000.00 as damages for personal injuries sustained when

one of defendants' trucks collided with a car in which she was a passenger. There was a verdict for the defendants. The trial court sustained plaintiff's motion for a new trial on the ground that the verdict was against the weight of the evidence. Defendants appealed.

Appellants concede that the action of the trial court is not reviewable if there is substantial evidence in the record supporting plaintiff's claim, but appellants insist that plaintiff's evidence was insufficient to sustain a verdict in her favor and therefore the action of the trial court was erroneous. If appellants are correct the order of the trial court granting plaintiff a new trial must be set aside and the verdict of the jury reinstated. That is the sole issue on this appeal. The collision occurred at about 10:00 A. M., August 6, 1939, at the intersection of U. S. Highway 50 and Seventy-first street, East St. Louis, Illinois. Plaintiff was riding in a car being driven by her husband in a northerly direction on Seventy-first street. The defendants' truck, containing a carload of milk cans filled with milk, was traveling west toward St. Louis on highway 50. There was a stop sign on Seventy-first street at highway 50. The day was clear and the roadways dry. Plaintiff's evidence was that the car in which she was riding stopped about three feet south of the concrete slab at highway 50; that then her husband started to drive the car across the highway but it stalled when the front end was about a foot or so south of the center line of the concrete slab; that her husband attempted to start the car and while doing so the defendants' truck, which was traveling at a rate of speed of about forty miles per hour, struck the front end of the car causing her severe injuries. Plaintiff testified that about the time the car was stopped south of the slab she saw the truck approaching and informed her husband of that fact, to which he replied: "O. K., I see him"; that the truck was then more than two hundred feet away; that when the car stalled on the concrete slab she noticed that the truck coming toward them had its left wheels to the south of the center of the highway. A. W. Fritsche, plaintiff's husband, testified that he was a chauffeur by trade, being employed by the East St. Louis City Lines. He testified that on the occasion in question he stopped his car a few feet from the slab. Note his evidence as to what occurred thereafter:

". . . and I looked down the road and I seen the truck coming, and I would say a hundred and fifty feet or maybe better, and I shoved my car into low gear and proceeded to cross, and when I got the front wheels about the slab the car gave a couple of chugs and the motor died."

.     .     .     .     .     .     .

"I pulled up the hand brake and shoved the car into neutral and stepped on the starter and it wouldn't respond, and I put the car in low and released my hand brake and stepped on the starter and it looked like it turned over a couple of times; the [601] battery wasn't

strong enough to move the machine, and at the same time I was turning to the left, in a westerly direction.''

"I saw the truck coming and the position he was coming in I figured if I would swing to the left I would get out better than if I got hit straight from the side.''

"He was astraddle of the black line.''

"Oh, I would judge about one hundred and fifty feet from us, and maybe not quite that far.''

This witness further testified that the truck did not reduce its speed before colliding with the front end of his car; that his car was standing still on the south side of the slab and no part thereof was north of the center line; that the truck carried his car down the roadway about sixty-one steps before it came to a stop.

Appellants assert that the evidence of plaintiff and her husband was contrary to physical facts, inherently impossible and of no probative value. The theory of appellants can best be understood by quoting from the brief where they discuss the evidence of plaintiff's husband. Note what is said:

"Thus, this witness testifies that when the truck was 150 feet away, coming at forty miles, he drove his automobile a distance of eleven feet to a point three feet on the highway at three miles an hour. As the reduction of miles per hour to feet per second is approximately one and a half times the miles per hour, approximately two and a half seconds elapsed while he drove that distance. However, in two and a half seconds the truck coming at forty miles an hour would have covered 150 feet. But after moving those eleven feet, the witness testified the following took place:

"(1) The automobile gave a couple of chugs and it moved a foot, or a foot and a half or two feet;

"(2) He then shifted the gear into neutral;

"(3) He then set the hand brake;

"(4) He then stepped on the starter, motor turned over and he got no response;

"(5) He then put the gear shift into low speed;

"(6) He then released the hand brake;

"(7) He then stepped on starter and it just turned over a couple of times.

"By no stretch of the imagination can it be said that all these manipulations could be carried out in less than a minute. But let us close our eyes to the actual time that would necessarily be consumed in this performance and say it only took seven to ten seconds, a far-fetched diminution to which plaintiff is not entitled. Then we have this situation: In seven seconds the truck would have moved

420 feet and in ten seconds 600 feet, or would have been those respective distances past the alleged point of collision, as the truck had already moved 150 feet at the time these operations were started, or even then was already up to the point of collision.''

Let us assume that plaintiff's evidence was substantially the same as that of her husband and as stated by appellants. The following cases are cited in support of this contention: Mahl v. Terrell, 342 Mo. 15, 111 S. W. (2d) 160; Bauer v. Wood, 154 S. W. (2d) 356; Roseman v. United Rys. Co. of St. Louis, 251 S. W. 104; State ex rel. Kansas City R. Co. v. Shain, 340 Mo. 1195, 105 S. W. (2d) 915. The above cases, except the Roseman case which we do not deem in point, support the rule that where the evidence in support of a plaintiff's case is so contrary to physical facts as to be impossible, then the evidence is of no probative value and must be disregarded. It must be noted, however, that in each of those cases the physical facts were such as to destroy the plaintiff's case. In addition to the authorities cited see Dunn v. Alton R. Co., 340 Mo. 1037, 104 S. W. (2d) 311, l. c. 314 (1, 2); Carner v. St. Louis-San Francisco R. Co., 338 Mo. 257, 89 S. W. (2d) 947, l. c. 950 (5). In the case before us appellants insist that the evidence of the truck being two hundred feet from the point of impact as the car was being driven upon the slab cannot be true and was destroyed by the evidence of the driver when he testified of having done all the things he said he did to start the car. If appellants be correct in that position then under the physical facts the truck was much farther away and the driver of the truck had more than sufficient time to avoid the collision. In other words, the physical facts relied upon as destroying the plaintiff's evidence make a better case for plaintiff than her oral evidence, and hence do not destroy her cause of action. There was substantial evidence to support a finding that the car in which plaintiff was riding was standing still upon [602] the south portion of the concrete slab when the impact occurred; also that the driver of the truck was driving it partially upon his left-hand side of the roadway. Plaintiff also introduced evidence that the car in which she was riding was on the slab a sufficient length of time for the driver of the truck to have observed it and to have swerved into his own lane and thereby avoided the collision. If we disregard the estimated distances as testified to by plaintiff and her husband and consider the distances as contended for by appellant then plaintiff's case was strengthened and not destroyed.

The driver of the truck testified that the car in which plaintiff was riding was not stopped before entering upon the highway and that the collision occurred on the north half of the slab. Appellants' evidence was sufficient to support a verdict in their favor. That, however, is not a matter for our consideration. The trial court was of the opinion that the verdict of the jury was against the weight of

126

the evidence, and since there is substantial evidence in the record in plaintiff's favor the order granting plaintiff a new trial must be and is hereby affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.