James P. BEDROSIAN and Virginia Bedrosian, Respondents,

v.

Constance A. CHAPMAN, Appellant,

and

Almarine Ottmer, Defendant.

No. 55588.

Supreme Court of Missouri, Division No. 2.

May 10, 1971.

**694**

Vincent M. Igoe, St. Louis, for respondents.

Richard O. Funsch, St. Louis, for appellant; Carter, Bull, Baer, Presberg & Lee, St. Louis, of counsel.

BARRETT, Commissioner.

Five years ago, on March 1, 1966, about 1:30 in the morning, James Bedrosian was riding in an automobile driven by Almarine Ottmer when Mrs. Ottmer and her automobile were involved in a collision with an automobile driven by Constance A. Chapman. "It was misty raining" and the pavement was wet as Mrs. Ottmer traveled south on Spring Avenue and Miss Chapman traveled east on Forest Park. There was a flashing red light on Spring and an amber colored flashing light on Forest Park. Mrs. Ottmer approached the intersection at a speed of 15 miles an hour, stopped twice before proceeding into the intersection and her automobile was struck on the side, near the front, by the front end of Miss Chapman's vehicle. In this action by Bedrosian and his wife against the hostess driver, Mrs. Ottmer, and Miss Chapman to recover $24,000.00 damages for his personal injuries and her loss of consortium, the trial court directed a verdict in favor of Mrs. Ottmer and a jury returned a verdict in favor of Miss Chapman. Upon motion for new trial, in a memorandum opinion, the trial court granted plaintiffs a new trial as to both defendants. As to Miss Chapman the basis of the court's action was that "(t)he Court is also convinced that the jury verdict and judgment in favor of defendant Chapman was against the weight of the evidence." Miss Chapman alone has appealed from the order granting the Bedrosians a new trial.

While the appellant recognizes the power and general rule of discretion in the trial court to grant one new trial "on the ground that the verdict is against the weight of the evidence" (Civil Rule 78.01, V.A.M.R.), she nevertheless contends, as is so frequently the case, that the court abused its discretion in this instance because "(t)he evidence presented was not of the *substantial quality*' which justified the submission of this case to the jury under plaintiffs' verdict-directing instructions" as to either slackening speed and swerving or other alleged and submitted grounds. The un-

derscored language, "substantial quality" is excerpted from statements of the general rule and the identical contention has heretofore been urged and decided adversely to the appellant in Robinson v. Wampler, Mo., 389 S.W.2d 757. It is not necessary to consider all the grounds assigned by appellant, the question here is "whether a case was made for the jury *upon any theory of negligence charged in the petition*," and in determining whether there has been a manifest abuse of discretion in granting a new trial on the weight of the evidence " 'we will examine the record to ascertain if there was sufficient substantial evidence to justify the submission of plaintiff's case to the jury; or to sustain a verdict for plaintiff, the party to whom the new trial was granted.' " Robinson v. Wampler, Mo., 389 S.W.2d 1. c. 760; Schmidt v. Allen, Mo., 303 S.W.2d 652, both cases in which the trial court granted new trials to plaintiffs on the specified ground of verdicts against the weight of the evidence.

Mr. Bedrosian and Mrs. Ottmer both testified to Mrs. Ottmer's approaching the intersection at a speed of 15 miles an hour and, observing the signals, made two stops before entering into Miss Chapman's lane of travel on Forest Park. Both hostess and passenger said that while Mrs. Ottmer was stopped and as she started across the lights of Miss Chapman's automobile were observed 250 to 300 feet away. Mr. Bedrosian said, "Our car was halfway across the median when we was hit, when the car slid into us." While Miss Chapman, a college student, age 22, claimed a "mistake" in her deposition she testified upon trial of the cause that "the distance when I best recall that I first saw the other automobile" was 126 feet before impact, and when she "realized there was going to be an accident" and she applied the brakes the distance was "about a hundred feet." Her speed, according to her, was 35 miles an hour. On cross-examination there were these questions and answers:

"Q. Now, when you were one hundred twenty-six feet back from the intersection, you say that's when you first saw the other car?

A. Yes, sir.

Q. That could have been one hundred thirty feet, I take it, couldn't it, or more?

A. Well, I would say, you know, it's within five or six feet it was in there.

Q. All right. And was there anything to prevent—*could you see the other vehicle? You did see the other vehicle at that time; right?*

A. *Yes, sir.*

Q. *Was there anything to prevent you from slowing down at that time?*

A. *No, sir.*

Q. You knew that you had to proceed with caution? A. Yes, sir.

Q. *And there was nothing to prevent you from braking at that time or turning one or two lanes over to your right, to move over to your right?*

A. *No, sir.*"

■ Thus without question, even upon the appellant's own version of the collision, there was evidence justifying the submission of the pleaded ground of negligence in failing to slacken speed and swerve and thus it is plainly demonstrable upon this record that the trial court did not abuse its discretion in granting plaintiffs a new trial for the assigned reason that the jury's verdict was against the weight of the evidence. Schmidt v. Allen, supra; Robinson v. Wampler, supra; Fritsche v. Mondt, 351 Mo. 121, 171 S.W.2d 600; Burr v. Singh, 362 Mo. 692, 243 S.W.2d 295; McCann v. Burns, Mo., 308 S.W.2d 631, the latter case distinguishes the cases in which new trials were denied or in which there were verdicts for plaintiffs and defendants appealed. Accordingly the order is affirmed and the cause remanded.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.