Gary W. VAETH, a minor, by his next
friend, Anthony Vaeth, Plain-
tiff-Appellant,

v.

Wilfred GEGG, Defendant-Respondent.

No. 55884.

Supreme Court of Missouri,
Division No. 1.

Nov. 20, 1972.

Roberts & Roberts, Clinton B. Roberts, Farmington, for appellant, Gary M. Vaeth.

Samuel Richeson, Nicholas G. Gasaway, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for respondent, Wilford Gegg.

BRUCE NORMILE, Special Judge.

Defendant-respondent obtained a judgment upon his cross claim against plaintiff-appellant in the amount of $50,450 for personal injuries and property damage.

Plaintiff-appellant raises two points on this appeal. The first asserts that the submission of appellant's excessive speed as an item of negligence was not supported by the evidence. The second point relates to various trial errors claimed by the appellant and detailed hereinafter.

## SUBMISSION OF EXCESSIVE SPEED:

The head-on collision from which this suit arose occurred on a winding hilly blacktop country road in Ste. Genevieve County, Missouri. The road was 18 feet wide and did not have a center line or shoulders. Appellant did not recall the collision nor remember seeing respondent's car. There were no other witnesses to the collision. Respondent testified that he was proceeding north in his station wagon at a speed of between 35 and 40 m. p. h. when he saw appellant's car "for a split second or so" as it was going down in the main part of a dip coming off the hill immediately beyond the hill before respondent. Respondent testified that the appellant's car was right in the middle of the highway and going between 70 and 80 m. p. h. Respondent testified that when appellant's car came out of the dip it was about 70 feet north of respondent. At this time respondent was on "my outer edge of the road." Respondent also stated that he then tried to move to his side but there wasn't time because appellant was "coming so fast." After the accident both drivers were pinned inside their cars and required assistance to be extracted from them. The vehicles were jammed together so badly that they had to be pulled apart by trucks. There was also testimony that the distance from the point where the cars were stuck together to the top of the first hill rise to the north was a distance of 67 feet.

■ The above evidence would be sufficient to allow the submission of the issue of excessive speed to the jury, if it could all be considered. Estimates of speed as well as damage to the automobiles, the force of the impact and other physical facts, are proper for the jury to consider and are sufficient to submit the issue of excessive speed. Hamilton v. Slover, Mo., 440 S.W. 2d 947, 956. Excessive speed is a relative matter and whether speed is excessive ordinarily depends on the condition of the highway and the surrounding circumstances. Wolfe v. Harms, Mo., 413 S.W.2d 204, 210. Even the brevity of respondent's observa-tion of appellant's car prior to the collision would not destroy the credibility of his evidence as to appellant's speed but would only go to its weight and value. Shepard v. Harris, Mo., 329 S.W.2d 1, 11; Johnson v. Cox, Mo., 262 S.W.2d 13, 15; Schneider v. Dannegger, Mo.App., 435 S.W.2d 413, 415; Zeigenbein v. Thornsberry, Mo., 401 S.W.2d 389.

■ It is critical to the above submission, however, that the respondent's estimate of appellant's speed be considered. The evidence in this case as to impact, auto damage, and road conditions does not suggest which vehicle might have been traveling at an excessive speed. A finding of excessive speed based on that evidence alone might have to be the result of reliance on mere speculation, conjecture, or surmise, which would not amount to the substantial testimony required for submission. Bauer v. Wood, 236 Mo.App. 266, 154 S.W.2d 356.

However, it is appellant's contention that respondent may not rely upon his estimate of appellant's excessive speed because respondent is bound by other contradictory testimony which makes his testimony as to speed physically impossible and in conflict with well-established physical facts so that his testimony in this respect does not constitute evidence and must be disregarded. Bauer v. Wood, supra.

Appellant constructs the contradiction in respondent's testimony in the following manner: On deposition, respondent stated that he first saw appellant when he came out of the dip 70 feet north of him. Appellant takes respondent's testimony at trial to be that the appellant's car was 70 feet away when first sighted as it went into the dip. Respondent also testified that he steered his car a foot or so to the right before the collision and that he applied his brakes and slowed his car. Appellant then calculates appellant's speed of 70 m. p. h. and respondent's speed of 35 m. p. h. to make a combined speed of 153.9 feet per second. In the three-fourths second reaction time required for respond-

ent to act after he first saw appellant 70 feet away, the two vehicles would travel a total distance in excess of 114 feet. Appellant then submits that the accident would thus have occurred before respondent could possibly have begun to act to steer the car to the right or to apply his brakes and slow his car as he testified that he did. Appellant then concludes that if respondent did turn several feet to the right and brake and slow his car, his testimony as to speed becomes impossible and contrary to physical facts.

■ In making this contention, appellant recognizes the qualification of the "physical facts" rule that a party is not conclusively bound by his own or by his witnesses' testimony of time, speed, or distance. McDonough v. St. Louis Public Service Co., Mo., 350 S.W.2d 739; Carlson v. St. Louis Public Service Co., Mo., 358 S.W.2d 795; Meier v. Moreland, Mo., 406 S.W.2d 97, 101; Vaccaro v. Moss., Mo.App., 410 S.W.2d 329; Schneider v. Dannegger, Mo.App., 435 S.W. 2d 413, 416.

However, appellant submits that if only one party testifies as to speed and distance, he will be bound by his estimates and they will act as judicial admissions against him, citing Roux v. Pettus, Mo.App., 293 S.W.2d 144, 146 [3]. Actually, the judicial admission made in Roux was not an admission concerning speed or distance, although there was testimony by the plaintiff there as to both. Rather, the judicial admission plaintiff made in Roux was that he did not see the defendant's car until immediately prior to the collision. However, all the uncontradicted physical facts showed that the defendant's car was plainly visible. Among the physical facts which were established was that there was a totally unobstructed view of 320 feet in which plaintiff could have seen the defendant. Roux is distinguished in this respect by Baldwin v. Atchison, Topeka & Santa Fe Railway Co., Mo., 425 S.W.2d 905, 911, and Haymes v. Swan, Mo.App., 413 S.W.2d 319, 324.

■ In examining appellant's contention, we must recognize that courts are reluctant to say that declared facts are manifestly impossible or untrue and will not indulge in arbitrary declarations of physical laws and facts, except when they appear to be so clear and irrefutable that no room is left for entertainment by reasonable minds of any other conclusion. Garrison v. Ryno, Mo., 328 S.W.2d 557; DeLay v. Ward, 364 Mo. 431, 262 S.W.2d 628; Reed v. Shelly, Mo.App., 378 S.W.2d 291. In order for the contradictions or inconsistencies to preclude recovery as a matter of law, they must be diametrically opposed to one another with respect to some vital question in the case and must be so contradictory and without explanation as to preclude reliance thereon. Atley v. Williams, Mo.App., 472 S.W.2d 867, 869 [1]; Boehm v. St. Louis Public Service Co., Mo., 368 S.W.2d 361. The court must consider the testimony as a whole and it is required that the testimony relied on as admissions be clear, unqualified, and not the result of mistake, oversight, misunderstanding, or lack of definite recollection. Johnson v. Bush, Mo. App., 418 S.W.2d 601. It has been held that the "physical facts" rule has no application where variable or doubtful estimates are made with respect to the facts. Anderson v. Orscheln Brothers Truck Lines, Inc., Mo., 393 S.W.2d 452, 460. Parties are not held as closely to their estimates of speed, distance, or time in emergency situations. Wood v. Ezell, Mo.App., 342 S.W.2d 503. Likewise, the jury has the right to believe a plaintiff is "wrong" or "confused" where there is inconsistent testimony. Haymes v. Swan, Mo.App., 413 S.W.2d 319, 325. And the jury can rely upon other more favorable testimony not at war with plaintiff's theory of the case. Baldwin v. Atchison, Topeka & Santa Fe Ry. Co., Mo., 425 S.W.2d 905, 911.

■ In determining whether respondent made a case on excessive speed, we must consider all the evidence in a light most favorable to respondent and take his

evidence as true if not entirely unreasonable or opposed to physical law, and must give him the benefit of all reasonable inferences arising from the evidence and must reject all unfavorable inferences. DeLay v. Ward, supra. In doing so, the jury could have found that respondent made his movement to the right and braked and slowed after he first saw appellant "a split second or so" *before* appellant reappeared 70 feet away. The additional time elapsed and distance covered by both cars in the additional "split second or so" cannot be exactly computed, but it obviously added to respondent's ability to take the very limited evasive action to which he testified. It also substantially removes the contradiction that appellant urges. To the extent there were any inconsistencies in respondent's testimony by his estimates of speed or distances in this emergency situation, they were for the jury. The conflicts in testimony urged by appellant were not in fàct the conflict of estimates with "well-established physical facts" but rather only the conflict of one estimate with another.

Respondent is not bound by such testimony and the case was properly submitted to the jury upon the issue of excessive speed.

## ALLEGED TRIAL ERRORS

 The first trial error alleged by appellant relates to voir dire inquiry. At a conference out of the hearing of the jury, the court instructed counsel for both parties that one general insurance question of the entire panel would be allowed to each attorney and that the insurance question should be sandwiched between other general questions so as to not give it undue emphasis. On voir dire, however, although respondent's attorney asked only one general insurance question, he sandwiched it between two specific questions to individual jurors. At conference in chambers on appellant's motion for a mistrial, respondent's attorney stated that he had understood the court's instruction to be that one general question would be allowed interspersed

between other questions and that he had no intention of creating an emphasis on insurance. The trial court overruled appellant's motion and stated that the court had consciously noted the effect the question might have had on the jury and there appeared to be no influence on them. This ruling was not an abuse of the trial court's discretion. Brown v. Parker, Mo.App., 375 S.W.2d 594, 600 [3]; Conlon v. Roeder, Mo., 418 S.W.2d 152, 161.

Appellant next charges trial error because the court allowed respondent's counsel to argue rules of law and evidence to the jury in his opening statement.

On opening statement, respondent's counsel had stated that there are two parties to a lawsuit with the one getting to the courthouse first being the plaintiff, and the one getting there second being the defendant. After explaining this, counsel stated that "under the rules of law and the evidence it should make no difference to you whether or not Gary Vaeth got to the courthouse first or whether Mr. Gegg did." Appellant's counsel objected on the basis that this was argument rather than opening statement. The objection was overruled by the court. The jury had previously been instructed by the court under MAI 2.01 that: "Opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but they are not evidence." Appellant does not suggest in his brief how this statement acted to his prejudice.

 As stated in Thompson v. Bi-State Transit System, Inc., Mo.App., 458 S.W. 2d 903, 905, "[t]he primary purpose of an opening statement is to inform the judge and the jury in a general way of the nature of the action so as to enable them to understand the case and to appreciate the significance of the evidence as it is presented." In this case, plaintiff-appellant was presenting a claim upon his petition and defendant-respondent was presenting a claim upon his cross claim. To some degree, the statement was explanatory that there were

two separate claims being presented to the jury. Counsel thereafter related the evidence in his opening statement which he intended to adduce in support of defendant-respondent's cross claim. " 'The general manner and character of an opening statement are within the sound discretion of the trial court, and such discretion is subject to review by the appellate court only when abused to the prejudice of the party complaining.' " Tyler v. Kansas City Public Service Co., Mo.App., 256 S.W.2d 563, 565. No abuse of trial court's discretion is shown in this instance.

The third trial error alleged by appellant relates to the failure of the trial court, to direct a mistrial when respondent's counsel made reference to Farm Bureau Mutual Insurance Company within the hearing of the jury. The sequence of events relating to this allegation was as follows: A photographer who testified on behalf of appellant could not recall when certain photographs were taken. Because of the necessity of laying a foundation for these photographs, one of appellant's attorneys found himself in the awkward position of having to testify concerning the taking of those photographs. Upon cross-examination of the attorney-witness, respondent's counsel inquired whether the witness had been contacted by any person other than plaintiff with respect to the accident having happened. Appellant's objection to the inquiry was sustained. The transcript as to the offer of proof is as follows:

"AT THE BENCH, OUT OF THE HEARING OF THE JURY: MR. RICHESON: We offer to show by this witness that if he were permitted to testify, he would have to testify that prior to any contact he had with Mr. Vaeth with respect to this accident, he had been contacted by representatives of Farm Bureau Insurance Company.

"THE COURT: Sam, you said that too loud. Court will be in recess."

Thereafter, a motion for mistrial was made in chambers. Both appellant's attorney-witness and respondent's attorney testified as to the incident.

Cases cited by appellant which correctly condemn the improper injection of insurance into the trial of a suit include State v. Elliott, Mo., 363 S.W.2d 631; Rytersky v. O'Brine, 335 Mo. 22, 70 S.W.2d 538; Grindstaff v. Steel Company, 328 Mo. 72, 40 S.W.2d 702; and Hannah v. Butts, 330 Mo. 876, 51 S.W.2d 4. It is stated in Hannah that "No hard and fast rule can be laid down. Much must be left to the sound discretion of the trial court." 51 S.W.2d 1. c. 7. In Rytersky, improper injection of insurance was found to be " 'reprehensible, and, where it appears that such has been the adroit purpose and result, such conduct will meet with the punishment of a reversal.' "

Although respondent denies that the jury heard the reference to the insurance company, he also insists that he was entitled to show that the insurance company was the witness's employer on the basis that such evidence was competent and relevant for the jury's consideration in determining the interest of the witness and the weight and credibility of his testimony, citing Triplett v. St. Louis Public Service Co., Mo. App., 372 S.W.2d 515, 520 [6, 7].

In this case, however, a factual issue is presented as to whether the jury heard the reference to the insurance company. After appellant objected to counsel's "loud whisper," his attorney-witness testified that he could hear the reference to the insurance company while seated in the witness chair right alongside of the jury box. This witness stated: "It wasn't so loud, but it was clear and distinct, and there was no doubt about it." He was not able to quote respondent's counsel or the court very accurately, although he clearly heard the name of the insurance company.

Respondent's attorney testified in chambers as to this issue as follows: "I'll assure the court that I spoke at all times in

what I believed was a whisper. I was even attempting to modulate my voice so that the jury could not hear what I said. I was purposely keeping it only high enough so that the court reporter and the judge and counsel could hear me. And I do not believe that the jury was able to hear what I said. * * * "

■ The trial court heard the statement in issue, saw and observed counsel and the jury at the time, and heard the testimony in chambers on the issue as to whether the jury heard the remark. Upon this record we must defer to the judgment of the trial court upon the disputed factual issue. No abuse of discretion is shown by the trial court's denial of the motion for a mistrial.

■ The fourth trial error asserted relates to respondent's attorney's argument to the jury that "they'd be ticked to death to go out of here with a dogfall verdict." Appellant asserts that this statement implied insurance coverage and was thus improper. Although an objection was made to the argument, no ruling of the trial court was secured. More fatally, however, the point was not raised on appellant's motion for new trial. It is thus not properly preserved for appellate review under Civil Rule 79.03, V.A.M.R.1969; Chambers v. Kansas City, Mo., 446 S.W.2d 833.

■ Appellant finally submits that all of the alleged errors constituted "cumulative error" to the prejudice of appellant. Inasmuch as no error has been found in any of the instances claimed, there is no merit to this argument.

The judgment of the trial court is affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.