Donald **MILNER**, Respondent,

v.

**CREVE COEUR TRUCKING**, Appellant.

No. 48797.

Missouri Court of Appeals,
Eastern District,
Division One.

March 18, 1986.

Motion for Rehearing and/or Transfer Denied April 15, 1986.

Application to Transfer Denied
May 13, 1986.

Gerard T. Noce, St. Louis, for appellant.

Cornelius T. Lane, St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from a judgment against it of $25,000 based upon a jury verdict in an automobile accident case. We affirm.

Defendant's employee was driving a dump truck; plaintiff was driving an automobile. They met on a two lane road and collided, resulting in substantial injury to plaintiff. Each contended he was on his side of the road and that the other crossed over into his lane. Plaintiff's evidence was that he was traveling approximately 25–30 miles per hour and the truck was traveling 40 miles per hour. Defendant's evidence was that the truck was traveling 5–10 miles per hour. Plaintiff testified he first saw the truck in his lane approximately 35 to 40 feet away and swerved to avoid the accident but the distance he swerved was narrowly insufficient to avoid the collision. The case was submitted to the jury on a disjunctive verdict-directing instruction hypothesizing wrong side of the road and failure to swerve. Defendant concedes the evidence was sufficient to submit wrong side of the road but contends it was insufficient to submit failure to swerve.

 Plaintiff was not bound by his own estimates of speed and distance. *Vaeth v. Gegg*, 486 S.W.2d 625 (Mo.1972) [5]; *Atkinson v. Be-Mac Transport, Inc.*, 595 S.W.2d 26 (Mo.App.1980) [9, 10]. "... [T]he jury has the right to believe a plaintiff is 'wrong' or 'confused' where there is inconsistent testimony .... And the jury can rely upon other more favorable testimony not at war with plaintiff's theory of the case." *Vaeth, supra,* [6–11]. The theories of the alternative submissions are not at war with each other. Defendant's evidence of speed was sufficient to support a finding of adequate time to swerve to avoid the collision, particularly when coupled with plaintiff's testimony that he was able to swerve almost enough to avoid the collision.

 Defendant also challenges the verdict-directing instruction as confusing. It admits that the instruction is technically correct which is sufficient here to insulate it from a claim of error. The claim of confusion centers around the possibility the jury might have believed plaintiff was negligent in being on the wrong side of the road and still found against defendant. If such confusion exists it is because defendant, by refusing to allow an instruction on comparative fault, removed plaintiff's negligence from the case. The only question before the jury was whether defendant was negligent and the instruction properly submitted that issue.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.